IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| TIFFANY BOND, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| MATTHEW DUNLAP, in his official | : |
| capacity as the Secretary of the State of | : |
| Maine, and JANET MILLS, in her official | : |
| Capacity as the Governor of the State of | :  Action #1:20-cv-00216-NT |
| Maine, and TROY JACKSON, in his official | : |
| Capacity as the President of the Maine | |
| Senate, and SARA GIDEON, in her official | : |
| Capacity as the Speaker of the House | : |
| | : |
| Defendants. | : |
| | : |

## PLAINTIFF'S RESPONSE TO INTERVENOR ETHAN WELD ALCORN

Plaintiff has run a bona fide campaign, and filed a fact-heavy claim seeking an extremely narrow and specific relief from this Court. Plaintiff demonstrated a reasonable, good faith effort including actively and campaigning before January 1, 2020 and continuously campaigning since, demonstrating a modicum of support with approximately 2,500 "raw" signatures by March 16, 2020, documented regular contact with the State regarding accommodations,[1] continuing signature collection up until the deadline set by the State, and timely filing the available certified signatures[2] with the

---

[1] See July 14, 2020 filing, Attachments A-E
[2] Despite mail being unusually slow, over 2,700 signatures were in hand, notarized and certified by July 1, 2020. More arrived after that filing date. https://www.pressherald.com/2020/07/21/first-class-and-priority-mail-delayed-in-favor-of-amazon-parcels-according-to-portland-letter-carriers/

1

Secretary of State's office.[3] Plaintiff does not seek for the State to accept nomination petitions without requiring any supporting signatures,[4] rather she seeks for the State to accept a lower threshold requiring Plaintiff to have the same amount of signatures as party candidates based on Plaintiff's time available to collect signatures not impacted by the pandemic and Defendants' failure to make sufficient accommodations for the period of collection impacted by the pandemic. If Plaintiff had the same accommodation as the Intervenor in an extension until August 1, 2020,[5] Plaintiff would have likely have had adequate time to complete signature collection and achieve 4,000 certified signatures.[6]

Intervenor expresses interest in running for office, but does not assert what, if any, steps he has taken in Maine other than filing in this matter. Intervenor does not note any signature collection efforts at any time before or during the pandemic, communication with the State on this matter, presidential campaign activities, or voter outreach within the state. Further, while Plaintiff seeks a very narrow ruling based on facts stated above, Intervenor appears to seek a very broad ruling that would permit anyone with interest unsubstantiated by meaningful action on the ballot.

Nonetheless, Plaintiff agrees that signature-gathering is nearly impossible during the pandemic in any functional volume absent extraordinary resources. Notably, that the people's veto campaign previously mentioned in this matter by the Defendants as a measure successful in achieving collection during the pandemic (and a considerable

---

[3] See July 14, 2020 filing, Attachments H-I
[4] Motion to Intervene, ¶11
[5] See July 14, 2020 filing, Attachment B, Page 3
[6] Intervenor has had the opportunity for two events that would have had the ability to mitigate the pandemic impacts on collection, collection at Presidential Primaries in March, and collection at the General Election Primaries in July. Plaintiff was foreclosed from the latter by the Defendants' refusal to move the deadline for non-party candidates for Senate to August 1.

amount of collection prior to pandemic) was ultimately not successful in making ballot,[7] despite spending over $600,000 and having not just local, but national, party resources directed at the signature collection.[8] Plaintiff takes no position on the Intervenor's claim, but questions the relevance of joining Intervenor's claim.

Date:  7/23/2020                      By:      /s/  Tiffany Bond
                                      Tiffany Bond
                                      3 Colonial Road
                                      Portland, Maine 04102
                                      207.370.2088
                                      tiffany@bond4.me

## CERTIFICATE OF SERVICE

I hereby certify that this document filed via email will be sent electronically to all counsel registered and able to received electronic filings in this case on this 23rd day of July, 2020.

Date:  7/23/2020                      By:      /s/  Tiffany Bond

---

[7] With this measure failing to make ballot, Plaintiff is unaware of any Federal or Statewide campaigns with deadlines on or before July 1 to make ballot which were not complete or almost entirely completed with signature collection prior to the pandemic. https://www.wabi.tv/2020/07/16/peoples-veto-to-repeal-ranked-choice-voting-in-presidential-elections-fails-to-make-ballot/

[8] See July 14, 2020 filing, Attachment F